IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RANDALL L. LOWTHER, et al., | : | Case No. 1:11-cv-877 |
| | : | |
| Plaintiffs, | : | Chief Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING PLAINTIFFS' |
| | : | MOTION FOR ATTORNEY FEES |
| AK STEEL CORPORATION, | : | AND EXPENSES |
| | : | |
| Defendant. | : | |

This matter comes before the Court upon the Plaintiffs' Motion for Attorney Fees and Expenses. (Doc. 41.)  With that motion, Plaintiffs and class representatives Randall Lowther, Casey Summers, Neal Dailey and George Davis and their counsel have moved the Court for approval of attorneys' fees and expenses in the amount of $1,275,000.00 pursuant to Fed. R. Civ. P. 23(h) and 54(d), Section 502(g)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(1), and the Settlement Agreement entered into by the parties and approved by the Court as fair, reasonable and adequate pursuant to Rule 23(e).  The Court having considered Plaintiffs' motion and the declarations and exhibits accompanying the motion and being otherwise advised, hereby **GRANTS** the motion and finds and orders as follows:

In a certified class action, the court may award reasonable attorney's fees and costs that are authorized by law or by the parties' agreement upon motion under Fed. R. Civ. P. 54(d)(2) and 23(h).  Additionally, ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), provides in pertinent part that "[i]n any action under this subchapter . . . by a participant . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

Furthermore, under the "common fund" or "common benefit" doctrine, in a class action

the court may award fees to litigants who benefit others, out of the recovery. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ( "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). The doctrine has been applied in ERISA cases. *See, e.g., Clevenger v. Dillards, Inc., Mercantile Stores Pension Plan,* No. C-1-02-558, 2007 WL 764291, at *1 (S.D. Ohio March 9, 2007) ("As this Court noted in an ERISA class action, the common fund method for awarding attorney's fees applies when the parties have settled the case."); *Rankin v. Rots*, Case No. 02-CV-71045, 2006 WL 1791377 (E.D. Mich. June 27, 2006) (awarding fees of 10% of $11.75 million "common fund" recovery).

Although this case is not precisely a common fund case (as the funds going to pay for attorney fees and costs are to be paid under the Settlement Agreement separate and apart from the money that goes to the VEBA to provide health benefits to the class members), the common fund analysis properly applies. *See Bailey v. AK Steel Corp.*, No. 1:06-cv-468, 2008 WL 553764, at *1 n.2 (S.D. Ohio Feb. 28, 2008); *Merkner v. AK Steel*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011) (granting motion for attorneys' fees and costs).

Courts have reviewed common fund fee applications based on a "percentage of recovery" approach which reviews the fees sought as a percentage of the gross settlement, in light of the facts and circumstances of the case, and/or, under a "lodestar" approach which compares the fee requested against time and rate submissions from the law firms. The general rule is that the request be reasonable under the circumstances. *See Bailey*, 2008 WL 553764, at *1 ("Trial courts within the Sixth Circuit have the discretion to calculate an award of attorney fees in common fund cases by using either a percentage of the fund calculation or a lodestar/multiplier

approach . . . . The overriding requirement is that the award 'be reasonable under the circumstances.'"); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 517 (6th Cir. 1993) ("For the reasons stated, we conclude that use of either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases, and that the determination of which method is appropriate in any given case will depend upon its circumstances."); *Merkner*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011) (same).

Numerous courts have used the "percentage of recovery" method in awarding fees in common fund cases. *See, e.g., Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) ("The district court based its fee award on a percentage of the common fund and then cross-checked the fee against class counsel's lodestar. Applying this methodology, the district court awarded class and special counsel 10% of the $102.5 million that has been paid into the common fund to date, an immediate award of $10.25 million plus expenses."); *Merkner*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011) (applying percentage of recovery); *Clevenger*, 2007 WL 764291, at *2 (court awarded fees in the amount of 29% of gross settlement fund in ERISA case); *In re Telectronics Pacing Sys., Inc.*, 186 F.R.D. 459, 483 (S.D. Ohio 1999) ("the preferred method in common fund cases has been to award a reasonable percentage of the fund to Class Counsel as attorneys' fees"), rev'd on other grounds, 221 F.3d 870 (6th Cir. 2000); *Manners v. American General Life Ins. Co.*, No. Civ.A. 3–98–0266, 1999 WL 33581944, at *29 (M.D. Tenn. Aug. 10, 1999) ("The preferred approach to calculating attorneys' fees to be awarded in a common benefit case is as a percentage of the class benefit."); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D.

508, 532 (E.D. Mich. 2003) (noting that the recent trend has been to apply percentage-of-fund method in common fund cases.).

Here, the evidence reflects that class counsel took this case on a contingent fee basis. Class counsel agreed to reduce their original 25% contingent fee agreement with the Plaintiffs down to a 12% fee. Class counsel request 12% ($1,275,000.00) of the gross cash amount obtained for the class herein ($10,600,000.00). Class counsel do not seek fees based on any percentage of the value of the additional benefit obtained herein of AK Steel agreeing to pay benefits for class members through December 31, 2015 which is estimated to be worth approximately an additional $5,200,000.00 above and beyond the gross cash amount of $10,600,000.00. Further, instead of requesting reimbursement of costs apart from the fees, class counsel have agreed that the 12% amount sought will also be applied to reimburse counsel for the over $50,000 in costs that have been funded by counsel in the prosecution of this case. Finally, the requested amount will also be applied to cover any future work that is required to be performed by class counsel with regard to this matter.

On a percentage basis, the Court finds that the amount of attorney fees requested is well within the accepted range. *See, e.g., Bowling*, 102 F.3d at 780 ("[T]he district court awarded class and special counsel 10% of the $102.5 million that has been paid into the common fund to date, an immediate award of $10.25 million plus expenses."); *Clevenger*, 2007 WL 764291, at *2 (court awarded fees in the amount of 29% of gross settlement fund in ERISA case); *Rankin*, 2006 WL 1791377 (10% of $11.75 million recovery); *Merkner*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011) (applying 10% percentage of recovery); *In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 WL 2109499, at *3 (E.D. Mich. June 27, 2006) (awarding

attorneys' fees in the amount of 28.5% of the cash settlement fund); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 380 (S.D. Ohio 2006) (request for award of attorney fees in the amount of 23% of the settlement was reasonable); *In re Nord Res. Corp. Sec. Litig.*, Nos. C–3–90–380, C–3–90–391, C–3–90–409, C–3–90–410, 1992 WL 1258516 (S.D. Ohio Dec. 9, 1994) (30% plus expenses); *In re Rio Hair Naturalizer Prods. Liab. Litig.*, No. MDL 1055, 1996 WL 780512, at *16 (E.D. Mich. Dec. 20, 1996) (noting that fee awards typically range from 20% to 50% of the fund); *Kogan v. AIMCO Fox Chase, LP*, 193 F.R.D. 496, 503–04 (E.D. Mich. 2000) (attorney fees of approximately 30% of the common fund); *New England Employees Pension Fund v. Fruit of the Loom*, 234 F.R.D. 627 (W.D. Ky 2006) (25% of total settlement funds); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) (noting "range of reasonableness" of between 20% to 50% of common fund); *In re Telectronics Pacing Sys. Inc.*, 137 F. Supp. 2d 1029, 1042 (S.D. Ohio 2001) (noting common fund range of 10% to 30%); *In re Southern Ohio Corr. Facility*, 173 F.R.D. 205, 218 (S.D. Ohio 1997), *rev'd on other grounds*, 24 F. App'x 520 (6th Cir. 2001) (requested amount of 34% of the total amount of the common fund was within the range of reasonableness).

In evaluating the reasonableness of the requested amount of attorneys' fees, the Court may additionally consider factors including: (1) the value of the benefit achieved for the plaintiff class; (2) the value of the attorneys' services; (3) whether counsel undertook the services on a contingent fee basis; (4) the public's interest in rewarding attorneys who produce such benefits; (5) the complexity of the action; and (6) the professional skill and standing of all counsel involved. *Rawlings*, 9 F.3d at 516–17; *Clevenger*, 2007 WL 764291, at *2. Reviewing these factors as discussed below, the Court finds that these factors support approving the requested fee

award:

  a. <u>Benefit Achieved for the Class</u>:  The benefit conferred by Plaintiffs' counsel on the Class herein is substantial, particularly in light of the circumstances of this case. Defendant vigorously denied any wrongdoing and in the face of the formidable and determined opposition of Defendant, Plaintiffs' counsel have conferred a substantial benefit upon the Class.

  b. <u>Value Of Plaintiffs' Counsel's Services</u>:  Absent a class action, small individual claimants would lack the resources to litigate a case of this magnitude. *See Clevenger*, 2007 WL 764291, at *2.  The Settlement confers benefits on the Class without the risks and delays of further litigation.  The percentage fee sought here consistent with practice in the private marketplace where contingent fee attorneys typically negotiate percentage-based fee agreements with their clients.  Class counsel are highly regarded and their services herein brought value to the Class.

  c. <u>Contingent Fee Basis</u>:  The contingent fee contract in this case provided that Plaintiffs' counsel would receive twenty-five percent (25%) of a total award and Plaintiffs' counsel assumed a substantial risk of nonpayment.  Plaintiffs' counsel would not have been compensated for their time at all and would not have been able to recover the expenses that they incurred had they been unsuccessful in this action.  Plaintiffs' counsel have further agreed to request only twelve percent (12%) of the "common fund" amount.

  d. <u>Public Interest</u>:  Important public policy considerations support the requested attorneys' fees.  Private lawsuits, such as this, are essential to effectuate the federal

pension laws' remedial purposes of protecting retirees and ERISA beneficiaries.

e. <u>Complexity Of This Action</u>: This was a complex and demanding case involving a great deal of work, as is reflected by the docket in this action and by the declarations of class counsel. The case involved difficult issues with regard to the vesting of retiree medical benefits, certain collective bargaining agreements, and summary plan descriptions as well as numerous other legal and factual issues.

f. <u>Counsel's Skill and Standing</u>: The declarations of counsel reflect the skill and standing of counsel herein. The settlement represents a favorable result for the Class, attributable to the diligence, determination, hard work, and reputation of Plaintiffs' counsel. The action was vigorously contested, and Defendant was represented by highly regarded lawyers. The quality of opposing counsel is important in assessing the quality of the services rendered by Plaintiffs' counsel. *See Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983) (evaluating "the professional skill and standing of counsel involved on both sides").

In addition to the above-noted factors, the Court notes that Defendant does not object to Plaintiffs' motion for attorney fees and costs. In this case, the parties have negotiated an amount of fees and expenses which both the Defendant and the Plaintiffs agree is reasonable. The negotiations took place at arms-length between sophisticated counsel on both sides of the table and under the supervision of two other Judges of this Court. These factors weigh strongly in favor of approval of the fee application. *Bailey*, 2008 WL 553764, at *1.

The Court notes the lack of any objectors to the settlement. The submissions herein reflect that the class notice was sent by mail to class members and that the notice advised the

7

class members that Plaintiffs' counsel intended to apply for an award of attorneys' fees of $1,275,000.00 or 12% of the cash portion of the settlement. Members of the Class were informed that they could object to the amount of attorneys' fees or expenses requested. The deadline for objecting passed with no objection. The lack of objections is strong evidence of the acceptability of a fee request.

Based upon the case law cited above and the facts and circumstances discussed herein, the Court finds that the amount of fees and costs requested by Plaintiffs' counsel is reasonable based upon a "percentage of recovery" analysis.

In the alternative to the percentage of recovery approach discussed above, fee awards may be determined by the "lodestar approach," which involves reviewing the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Bailey*, 2008 WL 553764, at *2; *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, No. 96–73113, 2000 WL 33321350, at *5 (E. D. Mich. Sept. 28, 2000). Although not required, the Court will exercise its discretion and further verify the reasonableness of the $1,275,000.00/12% attorney fee award by performing a "lodestar cross-check."

The reasonable hourly rate is determined by reference to the prevailing market rates in the relevant community. In ascertaining the proper "community," district courts may "look to national markets, an area of specialization, or any other market they believe is appropriate to fairly compensate attorneys in individual cases." *McHugh v. Olympia Entertainment, Inc.*, 37 F. App'x 730, 740 (6th Cir. 2002). Ascertaining the "prevailing market rates in the relevant community," involves consideration of experience, specialization, effort, and performance, and setting rates sufficient to ensure that class counsel are "fairly compensated for the amount of

8

work done and the results achieved." *Rankin*, 2006 WL 1791377, at *1. *See also In re Sulzer Orthopedics, Inc.*, 398 F.3d 778, 780 (6th Cir. 2005) (noting that district court applied rates ranging from $200 to $500/hour); *Bailey*, 2008 WL 553764, at *3 (applying "lodestar" rates of $100 to $450 per hour); *Pringle v. Continental Tire North America*, No. 3:06-cv-02985 (N.D. Ohio, Order filed Sept. 30, 2008) (ERISA class, approving hourly rates ranging from $375 to $475/hour for attorneys and $125/hour for paralegals); *UAW v. Chrysler, LLC*, No. 07-14310 (E.D. Mich., Order filed May 16, 2008) (approving hourly rates ranging from $230 to $475/hour for attorneys and $125/hour for paralegals); *UAW v. Gen. Motors Corp.*, No. 07-14074 (E.D. Mich., Order dated July 31, 2008) (hourly rates ranging from $230 to $475/hour for attorneys and $125/hour for paralegals); *UAW v. Ford Motor Co.*, No. 05-74730 (E.D. Mich., Order dated Dec. 27, 2007) (rates ranging from $375 to $450/hour for attorneys and $90/hour for paralegals); *UAW v. Gen. Motors Corp.*, No. 05-73991 (E.D. Mich., Order dated Sept. 24, 2007) ($375 to $450/hour for attorneys); *Van Horn v. Nationwide Property and Cas. Ins. Co.*, 2010 WL 1751995, at *4 (N.D. Ohio April 30, 2010) (hourly rate for lead counsel of $450); *Northeast Coalition for the Homeless v. Brunner*, Case No. 2:06-cv-896 (S.D. Ohio, Order filed Nov. 30, 2010) ($280 to $400/hour).

Plaintiffs note in their filing that under the "*Laffey* Matrix," which is a noted authority for fee-setting, the current hourly rates for attorneys such as Mr. Coleman and Ms. Wallace could be as high as $709/hour depending on which version of the matrix is used. *See generally Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd in part on other grounds*, 746 F.2d (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985); *Jordan*, 2000 WL 33321350, at *6 (noting *Laffey* Matrix). Most recently in the *Merkner* case, another Judge of this Court approved

9

hourly rates of $475/hour for the senior attorneys Gregory F. Coleman, Mona Lisa Wallace, and William M. Graham, and rates between $100 and $450/hour for other attorneys and staff. *Merkner*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011, at p. 6).

Here, the evidence reflects that Plaintiffs' lead co-counsel, Gregory F. Coleman and Mona Lisa Wallace, are highly experienced and well-respected attorneys. Both Mr. Coleman and Ms. Wallace have over twenty years of experience, have won noted results in high-profile cases, and have received numerous honors and accolades according to the declarations of counsel that have been filed with this Court, and their assisting attorneys, paralegals and staff are also well qualified. In their motion, Plaintiffs suggest that for purposes of the lodestar analysis, and in light of the hourly rates applied in the other ERISA class actions noted above, hourly rates of $500/hour may be applied for the senior attorneys Gregory F. Coleman and Mona Lisa Wallace, and rates between $100 and $450/hour may be applied for other attorneys and staff involved in the case.

Plaintiffs' submissions herein reflect that the rates requested are within the range of rates approved by courts in other actions and within the range of hourly rates charged by large defense law firms.

The setting of reasonable hourly rates is appropriate to ensure "that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases." *Rankin*, 2006 WL 1791377, at *2. The Court may approve fees computed on current rates to adjust for the delay in compensation because the fees will be "received several years after services were rendered." *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (using current market rate in calculating plaintiff's attorney fees where

case had gone on for years); *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007) (same).

Applying the rates requested with regard to the hours reflected in the declarations of Mr. Coleman and Ms. Wallace yields a lodestar figure of $416,669.48. In light of the $1,275,000.00 sought, the "lodestar multiplier" would be 3.06. This multiplier is very acceptable under the facts and circumstances of this case and especially in light of the extraordinary service rendered by counsel on behalf of the Class. *See, e.g., In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007) (lodestar multiplier of six); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 736 n.44 (E.D. Pa. 2001) (finding fee award equivalent to 4.5 to 8.5 lodestar multiplier "unquestionably reasonable"); *In re Rite Aid Corp. Secs. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (lodestar multiplier on the fee ultimately awarded was 6.96); *In re RJR Nabisco*, 1992 WL 210138, at *5-6 (S.D.N.Y. Aug. 24, 1992) (6 multiplier); *Cosgrove v. Sullivan*, 759 F. Supp. 166, 167 n.1 (S.D.N.Y. 1991) (fee represented a multiplier of 8.74); *Boston & Maine Corn. v. Sheehan. Phinney, Bass & Green, P.A.*, 778 F.2d 890, 894 (1st Cir. 1985) (multiplier of six); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997) (multiplier of 5.5); *In re Charter Communications, Inc., Sec. Litig.*, No. MDL 1506, 4:02-CV-1186 CAS, 2005 WL 4045741, at *18 (E.D. Mo. June 30, 2005) ("The requested fee of 20% of the $146,250,000 recovery equates to a multiplier of 5.61 based on the lodestar to date. This falls within the range of multipliers found reasonable for cross-check purposes by courts in other similar actions, and is fully justified here given the effort required, the hurdles faced and overcome, and the results achieved."); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134–35 (D.N.J. 2002) (awarding 28% of a $194 million settlement that resulted in a lodestar

multiplier of 4.3); *In re Cendant Corp. Prides Litig.*, 51 F. Supp. 2d 537 (D.N.J. 1999), *vacated and remanded*, 243 F.3d 722 (3d Cir. 2001), *on remand*, No. 98-2819 (D.N.J. June 11, 2002) (approving percentage fee that resulted in a multiplier of 5.28); *Di Giacomo v. Plains All Am. Pipeline*, No. Civ.A.H-99-4137, Civ.A.H-99-4212, 2001 WL 34633373, at *10–11 (S.D. Fla. Dec. 19, 2001) (approving percentage fee that resulted in multiplier of 5.3); *Merkner*, No. 1:09-CV-423-TSB (S.D. Ohio, Order filed Jan. 10, 2011, at p. 6) (awarding 10% of the cash portion of the settlement representing a lodestar multiplier of 5.3).

Further, Plaintiffs' counsel's $1,275,000.00/12% fee request is inclusive of all costs expended or to be expended herein. The parties' submissions reflect that Plaintiffs' counsel have incurred in excess of $55,000.00 in costs and expenses to date. The Court finds that the amount of fees and costs requested by counsel is reasonable in the alternative based upon a "percentage of recovery" or a "lodestar" analysis.

Accordingly, the Court finds that the fees and expenses requested in the amount of $1,275,000.00 are reasonable, warranted, approved and allowed and the motion is hereby **GRANTED**. The parties are hereby ordered to facilitate the disbursement of the approved fees and expenses in accordance with the terms of the Settlement Agreement (Doc. 29-2) and within 40 days of the entry of an order approving final settlement.

IT IS SO ORDERED.


                 ___s/Susan J. Dlott_____
                 Chief Judge Susan J. Dlott
                 United States District Court